IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DAVID B. TUCKER, #K0753**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 3:05cv664WHB-JCS**

**CHRISTOPHER EPPS, et al.**  **DEFENDANTS**

MEMORANDUM OPINION

The plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. The plaintiff did not submit a certificate or third step response form from the administrator of the MDOC Administrative Remedy Program stating that he had exhausted his administrative remedies. On March 9, 2006, this Court entered an order directing the plaintiff to show cause in writing, within fifteen days, why this case should not be dismissed for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. The plaintiff was also directed to file a certificate and third step response from the administrator of the Administrative Remedy Program stating that he had exhausted his administrative remedies regarding the claims presented in this suit. The plaintiff was warned that his failure to timely comply with any order of this Court would result in the dismissal of this cause without further written notice to the plaintiff. The plaintiff failed to comply with this order.

On April 27, 2006, this Court entered an order directing the plaintiff to show cause in writing, within fifteen days, why this case should not be dismissed for failure to comply with this Court's March 9, 2006 order. The April 27, 2006 order also warned the plaintiff that his failure to timely comply with any order of this Court would result in the dismissal of this cause without

further written notice to the plaintiff.  The plaintiff failed to comply with this order.

It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.  This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).  A final judgment in accordance with this memorandum opinion will be entered.

This the 5th day of June, 2006.


   s/William H. Barbour, Jr.
   UNITED STATES DISTRICT JUDGE